## STILLEY v. DAWSEY ET AL.

(150 S. E., 763)

Messrs. Sherwood & McMillan, for appellant,

*Mr. H. H. Woodward,* for respondents, 

December 11, 1929.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The only question presented by the appeal in this case is: Did the trial Judge commit error in directing a verdict for the defendants?

The action is on a fidelity bond and was tried at the November, 1927, term of the Court of Common Pleas for Horry County. From the record we gather that the defendant Dawsey was employed by the plaintiff for a period of one year, from August, 1922, to August, 1923, as manager of the plaintiff's filling station at Conway, S. C., at a salary of $100 per month; that under the terms of employment the plaintiff was to furnish merchandise to be handled and sold at the filling station, and Dawsey was to manage and control the business, handle and sell the merchandise, and account to the plaintiff from time to time in settlement for same. Dawsey was required by the plaintiff to give a fidelity bond, which was executed by him in August, 1922; the defendant United State Fidelity & Guaranty Company becoming surety thereon. Under the terms of the bond, the surety agreed to "reimburse the employer for any pecuniary loss sustained, not exceeding Two Thousand ($2,000.00) Dollars, of money, securities, merchandise or any property, occasioned by any act or acts of larceny or embezzlement by the employee in the performance of the duties of the position as aforementioned, during the period commencing from August 17th, 1922, to August 17th, 1923," subject to the conditions expressed in the bond.

The complaint alleged the employment of Dawsey as manager of the filling station and the execution of the bond sued upon, and that Dawsey, while acting as such manager, and while the bond was in full force and effect, breached the conditions of same, "in that between the dates of August 18th,

1922, and May 21st, 1923, this plaintiff delivered to the said Rufus A. Dawsey gasoline and merchandise in the sum of Fifteen Thousand Three Hundred Fifty-seven and 37/100 ($15,357.37) Dollars, to be sold at a stipulated price and accounted for by the said Rufus A. Dawsey as manager of this plaintiff's filling station—an itemized statement of said gasoline and merchandise being attached hereto and made a part hereof and marked 'Exhibit B.' That the said Rufus A. Dawsey did not faithfully dispose of said merchandise or account for same, by a redelivery thereof to this said plaintiff, but to the contrary appropriated to his own use, or otherwise converted the sum of Seventeen Hundred and Nine and 84/100 ($1,709.84) Dollars of this plaintiff's money or goods, in breach of the terms of said bond."

The defendants, answering, pleaded a number of defenses.

At the proper time during the trial of the case, the defendants moved for a directed verdict on the following grounds:

1. That there is no evidence to go to the jury tending to prove that the loss of the property in question, if there was any loss, was occasioned by any acts of larceny or embezzlement by the defendant, Rufus A. Dawsey, and therefore, no breach of the conditions of the bond has been shown.

"2. That the evidence in the case shows affirmatively that the loss sustained by the plaintiff, if he sustained any loss, was due not to any act of larceny or embezzlement by the defendant, Rufus A. Dawsey, but to carelessness and negligence in the management and control of the business on the part of the plaintiff and of his associates in said business."

The trial Judge, in granting the motion, said: "I am not satisfied with the evidence. Under that case of *Salley v. Globe Indemnity Company* it has laid down the rule that larceny and embezzlement may be circumstantial, and plaintiff only has to prove it by the greater weight of the evidence. It also lays down the rule that mere loss is not sufficient, and I am going to hold in this case that the evidence is insufficient to leave to the jury the question of larceny and embezzlement."

In directing the verdict, it appears that the Court relied upon *Salley v. Globe Indemnity Co.,* 133 S. C., 342, 131 S. E., 616, 619, 43 A. L. R., 971; but we do not think that case is controlling. The question there was the disappearance from a warehouse, which was in charge of an employee named Blackmon, of 50 bales of cotton. It was Blackmon's duty, as custodian of the cotton, to deliver it to its owners on surrender by them of the warehouse receipts which they held. The evidence tended to show that the doors of the warehouse were left open at times when Blackmon was not there, and that one of them was in a defective condition; and further that one of the two keys used to unlock the doors of the warehouse was not in his possession. At the trial plaintiff's counsel showed a disinclination to charge Blackmon with acts of dishonesty, which circumstance is adverted to in the decision. The Court held that: "The simple fact that goods or personal property disappear under circumstances such as are detailed in the testimony in this case will not be sufficient to support the charge of 'fraud and dishonesty' made in the complaint."

In the present case, the defendant, Dawsey, was in charge of a retail merchandise business—the sale of oil and gas at a filling station. He received from his employer, from time to time, goods intrusted to him for sale and of which he had full charge. It is not disputed that he was short in the sum of $1,709.84, for which he failed or refused to account. There is evidence tending to show that he converted some of the funds of the business to his own personal use; there is also testimony in contradiction of the evidence and in explanation of the circumstances tending to establish the alleged conversion. We express no opinion as to the facts; we only hold that, under the well-established rule that the evidence should be taken most strongly against the party moving for a directed verdict, the testimony adduced made an issue of fact for the jury as to whether or not the defendant, Dawsey, as alleged, appropriated to his own use or otherwise converted the sum of $1,709.84 of plaintiff's money or goods in breach of the

terms of the bond, and that the Court erred in granting defendants' motion.

The judgment is reversed, and the case remanded for a new trial.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.

MR. JUSTICE COTHRAN (concurring) : I think that there was sufficient evidence of Dawsey's misconduct, within the terms of the bond, to carry the case to the jury, and simply desire, in this concurrence, to call attention to the case of *State v. Shirer*, 20 S. C., 392, in which it was held that a clerk or servant, intrusted with property, who converts it to his own use, is guilty of larceny at common law, regardless of his actual fraudulent intention. I do not intend, however, to definitely commit myself to this pronouncement, though greatly in sympathy with it.